# ORIGINAL

# In the United States Court of Federal Claims

FILED

JAN 9 2014

U.S. COURT OF
FEDERAL CLAIMS

No. 13-811C
(Filed: January 9, 2014)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

KENNETH WAYNE LEAMING,                  *
                                        *       Prisoner suit; In Forma Pauperis;
            Plaintiff,                  *       28 U.S.C. § 1915A (2012)
                                        *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
            Defendant.                  *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Kenneth Wayne Leaming, Terre Haute, IN, pro se.

Christopher J. Carney, United States Department of Justice, Washington, D.C., for defendant.

## ORDER

**SWEENEY**, Judge

On October 17, 2013, plaintiff, currently incarcerated in federal prison and appearing pro se, filed a complaint and an application to proceed in forma pauperis. When the court receives a complaint from a prisoner, it is obligated to screen the complaint and then, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, dismiss the suit.[1]

---

[1] After review of plaintiff's complaint, the court finds it is frivolous. To begin, the complaint is filed outside the six-month limitation period, if plaintiff is requesting the court to review the Administrative Office of the United States Courts' ("AOUSC") decision. See Compl., Ex. A. Additionally, because it is an Article I court, the United States Court of Federal Claims is not a federal district court; therefore, the court lacks jurisdiction to review the AOUSC decision for a second reason. See Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (per curium); Alford v. United States, 3 Cl. Ct. 229, 230 (1983); see also 28 U.S.C. § 451 (2012) (defining "district court" as those courts described in chapter 5 of Title 28 of the United States Code). Furthermore, this court lacks jurisdiction over claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because neither clause is money-mandating. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (holding that the

See 28 U.S.C. § 1915A (2012).  If a prisoner has filed three or more suits or appeals that were dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted, he is barred from initiating further suits or appeals without first paying the filing fee, unless he is "under imminent danger of serious physical injury."[2] Id. § 1915(g).  This is often referred to as the three-strikes rule.

The court's review of the suits previously filed by plaintiff in federal court reveals he has two suits, and including at least one appeal, that were dismissed under 28 U.S.C. § 1915A as frivolous or for failure to state a claim upon which relief could be granted.  See,, Leaming v. Obama, 13-cv-01483 (D.D.C.) (dismissed on September 26, 2013, for failure to state a claim under 28 U.S.C. § 1915A(b)); Leaming v. Obama, 13-cv-01485 (D.D.C.) (dismissed on September 26, 2013, for failure to state a claim under 28 U.S.C. § 1915A(b)); Stephenson, et al. v. Holder, 12-cv-35879 (9th Cir.) (dismissed on July 17, 2013 for failure to pay fees under Ninth

---

Due Process Clauses of the Fifth and Fourteenth Amendments "do not trigger Tucker Act jurisdiction in the courts").  The court also lacks jurisdiction to entertain claims based on 42 U.S.C. §§ 1981 and 1985 (2012).  See Marlin v. United States, 63 Fed. Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts.").  And, because a writ of habeas corpus may only "be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions," 28 U.S.C. § 2241(a), the Court of Federal Claims is not empowered to entertain habeas petitions.  See Ledford, 297 F.3d 1381.  Moreover, the court lacks the authority to review a district court's decision denying a habeas petition; that authority lies with the federal courts of appeal.  See generally U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 27 (1994) ("Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments.  To allow a party who steps off the statutory path to employ . . . [a] collateral attack on the judgment would–quite apart from any considerations of fairness to the parties–disturb the orderly operation of the federal judicial system."); Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts.").

[2] Specifically, the three-strikes rule provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Circuit Rule 42-1 after finding the appeal frivolous).   Because plaintiff has accumulated at least three strikes under 28 U.S.C. § 1915A, and has not alleged that he is "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), he may not proceed in this case without first paying the court's filing fee.

Accordingly, if plaintiff wishes to pursue his claims in this court, he must pay the court's filing fee.  If plaintiff does not pay the filing fee by **Monday, February 10, 2014**, the clerk shall, without further order of the court, dismiss his complaint without prejudice for failure to pay the filing fee.  Briefing is suspended pending further order of this court.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge